**EXHIBIT A**

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Deanna Riggins**

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

_____

_____

_____

_____
                              Plaintiff

Vs.

_____   2021CV02867
                                      Case Number

_____

_____

_____
                              Defendant

### SUMMONS

PS Logistics, LLC
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, Delaware, 19808

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon
Plaintiff's Attorney, whose name and address is:

answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will
be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

By:_____/s/ DeAnna Riggins_____
Deputy Clerk

Copy from re:SearchGA

**EXHIBIT A**

2021CV02867

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Deanna Riggins

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of ____CLAYTON____ County

| For Clerk Use Only | |
|---|---|
| Date Filed ____12/27/2021____<br>**MM-DD-YYYY** | Case Number ____2021CV02867____ |

**Plaintiff(s)**

NORRINGTON        ALFRED

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

BLAIR LOGISTICS, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

PS LOGISTICS, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** ____ADEWALE ODETUNDE____   **State Bar Number** ____374418____   **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                  **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

Copy from re:SearchGA

**EXHIBIT A**

*Tiki Brown*

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Deanna Riggins

# IN THE STATE COURT OF CLAYTON COUNTY, GEORGIA

9151 TARA BOULEVARD, ROOM 1CL181, JONESBORO, GEORGIA 30236
TELEPHONE: (770) 477-3388 * FACSIMILE: (770) 472-8159

_____

_____

_____

_____
                        Plaintiff

Vs.                                         2021CV02867
                                        _____

                                        Case Number

_____

_____

_____
                        Defendant

### SUMMONS

Blair Logistics, LLC
c/o Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092

TO THE ABOVE NAMED DEFENDANT(S):
You are hereby summoned and required to file with the Clerk of said Court and serve upon
Plaintiff's Attorney, whose name and address is:

answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will
be taken against you for the relief demanded in the complaint.

**TIKI BROWN**
**CLERK OF COURT**
**State Court of Clayton County**

By:_____/s/ DeAnna Riggins_____
Deputy Clerk

Copy from re:SearchGA

**EXHIBIT A**

Tiki Brown
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Deanna Riggins**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **ALFRED NORRINGTON;** | § | |
| | § | **CIVIL ACTION** |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **FILE NO.** ___2021CV02867___ |
| | § | |
| **JOHN DOE; BLAIR LOGISTICS, LLC;** | § | |
| **AND PS LOGISTICS, LLC.;** | § | |
| | § | |
| **Defendants.** | § | |

### PLAINTIFF'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT PS LOGISTICS, LLC SERVED WITH THE COMPLAINT

COMES NOW PLAINTIFF, Alfred Norrington, in the above-captioned lawsuit and pursuant to O.C.G.A. §§ 9-11-33, 9-11-34 and 9-11-36 hereby propounds the following First Requests for Admissions, First Interrogatories and First Request for Production and to Defendant PS Logistics, LLC for response under oath to the subject interrogatories, pursuant to the Georgia Civil Practice Act, and as required by law.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.  The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording.  The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or

**PLAINTIFF'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT PS LOGISTICS, LLC SERVED WITH THE COMPLAINT – Page 1**

handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings. Plaintiffs expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3. (a)    "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)    "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required

**PLAINTIFF'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT PS LOGISTICS, LLC SERVED WITH THE COMPLAINT – Page 2**

Copy from re:SearchGA

the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

5. The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

6. Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

7. With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

**PLAINTIFF'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT PS LOGISTICS, LLC SERVED WITH THE COMPLAINT – Page 3**

Copy from re:SearchGA

**EXHIBIT A**

8. "**<u>Subject Collision</u>**" means the collision described in the Complaint.

9. "**<u>PS Logistics, LLC</u>**," "**<u>You</u>**", "**<u>Your</u>**," or "**<u>Yours</u>**" means Defendant PS Logistics, LLC.

10. "**<u>John Doe</u>**" as used herein refers to and means Defendant Driver John Doe as described in the Complaint.

**PLAINTIFF'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT PS LOGISTICS, LLC SERVED WITH THE COMPLAINT – Page 4**

Copy from re:SearchGA

## O.C.G.A. § 9-11-36 REQUESTS FOR ADMISSION

**REQUEST NO. 1**    At the time of the Subject Collision, John Doe was an agent of PS Logistics, LLC.

**REQUEST NO. 2**    At the time of the Subject Collision, John Doe was an employee of PS Logistics, LLC.

**REQUEST NO. 3**    At the time of the Subject Collision, John Doe was acting within the course and scope of his employment or agency with PS Logistics, LLC.

**REQUEST NO. 4**    At the time of the Subject Collision, John Doe was operating the tractor-trailer owned by PS Logistics, LLC.

**REQUEST NO. 5**    At the time of the Subject Collision, John Doe was operating the tractor-trailer with the permission of PS Logistics, LLC.

**REQUEST NO. 6**    At the time of the Subject Collision, John Doe was operating the tractor-trailer with the knowledge of PS Logistics, LLC.

**REQUEST NO. 7**    At the time of the Subject Collision, John Doe was operating the tractor-trailer as trained by PS Logistics, LLC.

**REQUEST NO. 8**    PS Logistics, LLC's name was properly stated in the Complaint.

**REQUEST NO. 9**    Venue is proper in this Court.

**REQUEST NO. 10**    Jurisdiction is proper in this Court.

**REQUEST NO. 11**    Service of process upon PS Logistics, LLC in this civil action was proper.

**REQUEST NO. 12**    Service of process upon PS Logistics, LLC in this civil action was legally sufficient.

**PLAINTIFF'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT PS LOGISTICS, LLC SERVED WITH THE COMPLAINT – Page 5**

Copy from re:SearchGA

## O.C.G.A. § 9-11-33 INTERROGATORIES

**INTERROGATORY NO. 1**   Please identify the driver of the vehicle that was involved in the subject wreck on June 11, 2020, by name, address, phone number, social security number, and date of birth.

**INTERROGATORY NO. 2**   Please identify the owner of the vehicle that was involved in the subject wreck on June 11, 2020, by name, address, phone number and, if applicable, social security number and date of birth.

## O.C.G.A. § 9-11-34 DOCUMENT REQUESTS

**REQUEST NO. 1:**   A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant PS Logistics, LLC.

**REQUEST NO. 2:**   A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Incident.

**REQUEST NO. 3:**   Copies of all investigation reports, accident reports, or other writings related to the investigation of the incident in question, including witness statements and conclusions, conducted and/or prepared before the commencement of the above-entitled cause of action.

**REQUEST NO. 4:**   All documents including reports and/or memos prepared or received by Defendant that were forwarded to the Department of Transportation or other governmental agency regarding the crash in question made the basis of this lawsuit.

**REQUEST NO. 5:**   Any and all photographs, diagrams, videotapes, slides, and/or movie films of the collision scene, parties (including surveillance), and/or vehicles involved in the incident in question.

**PLAINTIFF'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT PS LOGISTICS, LLC SERVED WITH THE COMPLAINT – Page 6**

Copy from re:SearchGA

**REQUEST NO. 6:**   Any policies relating to accident investigation or accident reporting that you have in place for your drivers now or at the time of the occurrence in question.

**REQUEST NO. 7:**   Any and all documents related to the identity of the driver of the tractor-trailer that was involved in the subject wreck on June 11, 2020, as shown in the attached police report.

Served with the Complaint upon Defendant.

WLG ATLANTA, LLC

_/s/ Adewale Odetunde_
ADEWALE ODETUNDE
GEORGIA STATE BAR NUMBER 374418
ATTORNEY FOR PLAINTIFF

600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:   470-881-8804
DIRECT:        470-480-7545
FACSIMILE:   470-881-8821
E-MAIL:        ADEWALE.ODETUNDE@WITHERITELAW.COM

**PLAINTIFF'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT PS LOGISTICS, LLC SERVED WITH THE COMPLAINT – Page 7**

Copy from re:SearchGA

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Deanna Riggins

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **ALFRED NORRINGTON;** | § | **CIVIL ACTION** |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **FILE NO.** ___2021CV02867___ |
| | § | |
| **JOHN DOE; BLAIR LOGISTICS, LLC;** | § | |
| **AND PS LOGISTICS, LLC.;** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § | |

## COMPLAINT FOR DAMAGES

COMES NOW PLAINTIFF, Alfred Norrington, ("Plaintiff"), by and through his counsel of record and files this his Complaint for Damages showing this Honorable Court as follows:

1.      This is an action for personal injury damages arising out of a pedestrian collision that occurred on or about June 11, 2020, in Clayton County, Georgia.

### PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff Alfred Norrington is a resident of Clayton County, Georgia.

3.      Plaintiff sustained personal injuries as a result of a pedestrian collision involving a tractor-trailer that occurred at approximately 10:30 a.m.  on June 11, 2020, in the parking lot of Georgia Masonry Supply, Inc.s', in Jonesboro, Clayton County, Georgia.

4.      Defendant John Doe ("John Doe") is an unknown individual and therefore cannot be served at this time.  Plaintiff believes that Defendants Blair Logistics, LLC and PS Logistics, LLC know the identity of its driver, John Doe, which Plaintiff intends to identity through written discovery.

**COMPLAINT FOR DAMAGES – Page 1**

Copy from re:SearchGA

5.      Defendant Blair Logistics, LLC is a foreign company doing business in the state of Georgia and is authorized to conduct business in Georgia.

6.      Blair Logistics, LLC  may be served through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

7.      Once served with process, Blair Logistics, LLC  is subject to the jurisdiction of this Court, pursuant to O.C.G.A. § 40-1-117(b), because this action may be brought in the county where the cause of action or some part thereof arose.

8.      Once served with process, Blair Logistics, LLC is subject to the jurisdiction of this Court.

9.      Blair Logistics, LLC was properly served with process in this civil action.

10.     Blair Logistics, LLC was sufficiently served with process in this civil action.

11.     Blair Logistics, LLC is subject to the jurisdiction of this Court.

12.     Venue in the above-styled civil action is proper as to Blair Logistics, LLC in this County and Court.

13.     Defendant PS Logistics, LLC is a foreign company doing business in the state of Georgia.

14.     PS Logistics, LLC may be served through its registered agent, Corporation Service Company, at 251 Little Falls Drive, Wilmington, Delaware, 19808.

15.     Once served with process, PS Logistics, LLC  is subject to the jurisdiction of this Court, pursuant to O.C.G.A. § 40-1-117(b), because this action may be brought in the county where the cause of action or some part thereof arose.

**COMPLAINT FOR DAMAGES – Page 2**

Copy from re:SearchGA

16. Once served with process, PS Logistics, LLC is subject to the jurisdiction of this Court.

17. PS Logistics, LLC was properly served with process in this civil action.

18. PS Logistics, LLC was sufficiently served with process in this civil action.

19. PS Logistics, LLC is subject to the jurisdiction of this Court.

20. Venue in the above-styled civil action is proper as to PS Logistics, LLC in this County and Court.

21. Venue in the above-styled civil action is proper in this County and Court.

## FACTS

22. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

23. On June 11, 2020, at approximately 10:30 a.m., Plaintiff was in the work yard of Georgia Masonry Supply, Inc.'s, and was working a on parked vehicle in the yard.

24. On June 11, 2020, at approximately 10:30 a.m., John Doe was operating his tractor-trailer, owned by Defendants Blair Logistics, LLC and PS Logistics, LLC and was attempting to pull out of the work yard.

25. On June 11, 2020, at approximately 10:30 a.m., John Doe suddenly and without warning reversed his tractor-trailer and collided into Plaintiff's body, which caused Plaintiff's body to be thrown forward.

26. On June 11, 2020, at approximately 10:30 a.m., immediately following the collision, John Doe did not stop the tractor-trailer but proceeded to leave the scene of the pedestrian collision.

**COMPLAINT FOR DAMAGES – Page 3**

Copy from re:SearchGA

27.     As a result of the incident, Plaintiff was injured, and Plaintiff continues to suffer injuries and damages from this incident.

28.     At all times related to the subject collision, Plaintiff was acting in a reasonable and prudent manner.

29.     Defendant John Doe was an employee and/or agent of Defendants Blair Logistics, LLC and PS Logistics, LLC.

30.     Defendants do not blame Plaintiff for causing or contributing to the cause of the subject collision.

31.     Defendants are 100% at fault for causing the subject collision.

32.     No act or failure to act on the part of Plaintiff caused or contributed to the cause of the subject collision.

33.     No act or failure to act on the part of any third party caused or contributed to the cause of the subject collision.

34.     No act or failure to act on the part of Plaintiff caused or contributed to the cause of Plaintiff's injuries and/or damages.

35.     No act or failure to act on the part of any third party caused or contributed to the cause of Plaintiff's injuries and/or damages.

36.     Plaintiff was an innocent victim of the collision described in this Complaint.

37.     Defendants agree that they should fairly compensate Plaintiff for all injuries and damages that were caused by the subject collision.

38.     As a result of the collision, Plaintiff has suffered serious and permanent injuries and damages.

**COMPLAINT FOR DAMAGES – Page 4**

Copy from re:SearchGA

## COUNT I: NEGLIGENCE OF DEFENDANTS BLAIR LOGISTICS, LLC AND PS LOGISTICS, LLC'S DRIVER, JOHN DOE

39.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

40.     At all relevant times, Defendants Blair Logistics, LLC and PS Logistics, LLC driver, John Doe, owed the following civil duties to Plaintiff but violated those duties in the following ways:

a.  Failing to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

b.  Failing to keep an assured safe distance from Plaintiff;

c.  Failing to inspect the area was clear prior to reversing his tractor-trailer;

d.  Failing to make reasonable and proper observations while driving;

e.  Failing to safely operate his tractor-trailer;

f.  Failing to obey traffic laws;

g.  Failing to make reasonable and proper observations while driving;

h.  Otherwise failing to act reasonably and prudently as a driver should under the circumstances;

i.  Operating a cellular mobile device while driving; and

j.  Fleeing the scene of a collision.

41.     Defendant was also negligent *per se* in that he violated a number of laws and regulations governing his/her operation of his truck and trailer, including:

a.  Failing to Drive with Due Care (O.C.G.A. § 40-6-241);

b.  Failing to Obey Traffic Laws (O.C.G.A. § 40-6-1);

**COMPLAINT FOR DAMAGES – Page 5**

Copy from re:SearchGA

    c.    Reckless Driving (O.C.G.A. § 40-6-390); and

    d.    Failing to immediately stop at the scene of the wreck (O.C.G.A. §40-6-270).

42.      As a result of Blair Logistics, LLC and/or PS Logistics, LLC's negligence, Plaintiff has suffered severe and permanent damages.

43.      As a direct and proximate result of the negligence and negligence *per se* of Blair Logistics, LLC and PS Logistics, LLC's driver, John Doe, Plaintiff is entitled to recover special damages, including but not limited to:

    a.    Plaintiff's medical expenses in the past and in the future, in an amount that will be proved at trial; and

    b.    Plaintiff's lost wages in the past and loss of earning capacity in the future, in an amount that will be proved at trial.

44.      Plaintiff is also entitled to recover for his general damages, including but not limited to:

    a.    Shock of impact;

    b.    Disability;

    c.    Loss of enjoyment of life;

    d.    Disfigurement in the past and future;

    e.    Physical impairment in the past and future;

    f.    Physician pain and suffering in the past and future; and

    g.    Mental anguish in the past and future.

## COUNT II: NEGLIGENCE OF DEFENDANTS BLAIR LOGISTICS, LLC AND PS LOGISTICS, LLC

45.      Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

**COMPLAINT FOR DAMAGES – Page 6**

Copy from re:SearchGA

46.     At all times material hereto, Defendants Blair Logistics, LLC and/or PS Logistics, LLC's driver, John Doe, was an employee of Defendants Blair Logistics, LLC and PS Logistics, LLC.

47.     At all times material hereto, Defendants Blair Logistics, LLC and PS Logistics, LLC's driver, John Doe, was acting within the scope and course of his employment with Defendants Blair Logistics, LLC and PS Logistics, LLC.

48.     At all times material hereto, Blair Logistics, LLC and PS Logistics, LLC's driver, John Doe, was an agent of Blair Logistics, LLC and PS Logistics, LLC.

49.     At all times material hereto, Blair Logistics, LLC and PS Logistics, LLC.'s driver, John Doe, was acting within the scope and course of his agency with Defendants Blair Logistics, LLC and PS Logistics, LLC.

50.     At all times material hereto, Blair Logistics, LLC and PS Logistics, LLC's driver, John Doe, was authorized by Defendants Blair Logistics, LLC and PS Logistics, LLC. to operate the tractor-trailer that was involved in the collision described in this Complaint.

51.     Defendants Blair Logistics, LLC and PS Logistics, LLC are liable for the negligent actions and omissions of John Doe pursuant to the doctrine of *respondeat superior*.

52.     Defendants Blair Logistics, LLC and PS Logistics, LLC's were the owner(s) of the tractor-trailer operated by John Doe and are therefore liable for damages caused in this case.

53.     Defendants Blair Logistics, LLC and PS Logistics, LLC were also themselves negligent in the following ways:

**COMPLAINT FOR DAMAGES – Page 7**

Copy from re:SearchGA

a. Negligently hiring or contracting with Defendant John Doe to drive the tractor-trailer at issue;

b. Negligently training John Doe;

c. Negligently entrusting John Doe to drive the tractor-trailer professionally;

d. Negligently retaining John Doe to drive the tractor-trailer at issue;

e. Negligently qualifying John Doe;

f. Failing to supervise John Doe; and

g. Otherwise failing to act as a reasonably prudent company under the circumstances.

54. As a direct and proximate result of the negligence of Defendants Blair Logistics, LLC and PS Logistics, LLC's driver, John Doe, and Defendants Blair Logistics, LLC and PS Logistics, LLC in the ensuing collision, Plaintiff sustained severe and permanent injuries and damages.

55. Defendants Blair Logistics, LLC and PS Logistics, LLC are liable for all damages allowed by law for the damages and losses sustained by Plaintiff.

## COUNT III: COMBINED AND CONCURRING LIABILITY FOR COMPENSATORY DAMAGES

56. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

57. Defendants Blair Logistics, LLC and PS Logistics, LLC's and/or their driver, acted in a manner which either alone, and/or combined and concurring with the actions of the other such Defendant's acts of negligence described herein, directly and proximately caused the collision and Plaintiff's injuries and damages.

**COMPLAINT FOR DAMAGES – Page 8**

Copy from re:SearchGA

58.     As a direct and proximate result of the negligence of Defendants Blair Logistics, LLC and PS Logistics, LLC and their driver, Plaintiff was physically injured, has suffered, and will continue to suffer pain, disability, loss of earning capacity, property damage, loss of enjoyment of life, anxiety, and related damages.

59.     As a direct and proximate result of the breaches of duty by Defendants, Plaintiff is entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, medical expenses, lost wages and loss of earning capacity, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

### COUNT V: PUNITIVE DAMAGES

60.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

61.     Defendants Blair Logistics, LLC and PS Logistics, LLC  and their driver's acts were knowing, willful, wanton, and/or demonstrated an entire want of care, which raises the presumption of a conscious indifference to consequences.

62.     The actions of Defendant motor carrier Blair Logistics, LLC and PS Logistics, LLC and their driver, as set forth herein, were done intentionally, knowingly and willfully with a reckless and wanton disregard to the consequences and damages

**COMPLAINT FOR DAMAGES – Page 9**

Copy from re:SearchGA

that would be caused to others and/or which would raise the presumption of conscious indifference to consequences of their misconduct.

63.     Accordingly, Defendants Blair Logistics, LLC and PS Logistics, LLC and their driver, are liable to the Plaintiff for punitive damages to punish, penalize, and deter others from similar conduct in the future.

**WHEREFORE**, Plaintiff prays that the following relief be granted:

a)     A trial by jury;

b)     For Summons and Complaint to issue against each Defendant;

c)     For judgment against each Defendant to compensate Plaintiff for past and future injuries and damages;

d)     For judgment against each Defendant for attorneys' fees and expenses of litigation;

e)     For judgment against Defendant motor carrier and its driver for punitive damages as shown to be fair and appropriate at the trial of this case;

f)     Court costs, discretionary costs, and prejudgment interest; and

g)     For all such further and general relief which this Court deems just and proper.

Dated this 22nd day of December, 2021.

**COMPLAINT FOR DAMAGES – Page 10**

Copy from re:SearchGA

Respectfully submitted,

WLG Atlanta, LLC

*/s/ Adewale Odetunde*
Adewale Odetunde
Georgia State Bar Number 374418
Attorney for Plaintiff

600 Peachtree Street, NE, Suite 4010
Atlanta, GA 30308
Telephone:   470-881-8804
Direct:   470-480-7545
Facsimile:   470-881-8821
E-Mail:   Adewale.Odetunde@WitheriteLaw.com

**COMPLAINT FOR DAMAGES – Page 11**

Copy from re:SearchGA

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Deanna Riggins

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **ALFRED NORRINGTON;** | § | **CIVIL ACTION** |
| | § | |
| **Plaintiff,** | § | |
| | § | **FILE NO.** _____2021CV02867_____ |
| **VS.** | § | |
| | § | |
| **JOHN DOE; BLAIR LOGISTICS, LLC;** | § | |
| **AND PS LOGISTICS, LLC.;** | § | |
| | § | |
| **Defendants.** | § | |

### PLAINTIFF'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT
### BLAIR LOGISTICS, LLC SERVED WITH THE COMPLAINT

COMES NOW PLAINTIFF, Alfred Norrington, in the above-captioned lawsuit and pursuant to O.C.G.A. §§ 9-11-33, 9-11-34 and 9-11-36 hereby propounds the following First Requests for Admissions, First Interrogatories and First Request for Production and to Defendant Blair Logistics, LLC for response under oath to the subject interrogatories, pursuant to the Georgia Civil Practice Act, and as required by law.

### <u>DEFINITIONS</u>

As used herein, the terms listed below are defined as follows:

1. The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording. The term includes material in all forms, including printed, written, recorded, or other. The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.). This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or

**PLAINTIFF'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT BLAIR LOGISTICS, LLC SERVED WITH THE COMPLAINT – Page 1**

Copy from re:SearchGA

handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiffs expressly intend for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2.  "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.  (a)  "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)  "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required

**PLAINTIFF'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT BLAIR LOGISTICS, LLC SERVED WITH THE COMPLAINT – Page 2**

Copy from re:SearchGA

the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

5. The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

6. Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope:  (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

7. With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

**PLAINTIFF'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT BLAIR LOGISTICS, LLC SERVED WITH THE COMPLAINT – Page 3**

Copy from re:SearchGA

2021CV02867

8.  "**<u>Subject Collision</u>**" means the collision described in the Complaint.

9.  "**<u>Blair Logistics, LLC</u>**," "**<u>You</u>**", "**<u>Your</u>**," or "**<u>Yours</u>**" means Defendant Blair

Logistics, LLC.

10. "**<u>John Doe</u>**" as used herein refers to and means Defendant Driver John Doe as

described in the Complaint.

Copy from re:SearchGA

## O.C.G.A. § 9-11-36 REQUESTS FOR ADMISSION

**REQUEST NO. 1**     At the time of the Subject Collision, John Doe was an agent of Blair Logistics, LLC.

**REQUEST NO. 2**     At the time of the Subject Collision, John Doe was an employee of Blair Logistics, LLC.

**REQUEST NO. 3**     At the time of the Subject Collision, John Doe was acting within the course and scope of his employment or agency with Blair Logistics, LLC.

**REQUEST NO. 4**     At the time of the Subject Collision, John Doe was operating the tractor-trailer owned by Blair Logistics, LLC.

**REQUEST NO. 5**     At the time of the Subject Collision, John Doe was operating the tractor-trailer with the permission of Blair Logistics, LLC.

**REQUEST NO. 6**     At the time of the Subject Collision, John Doe was operating the tractor-trailer with the knowledge of Blair Logistics, LLC.

**REQUEST NO. 7**     At the time of the Subject Collision, John Doe was operating the tractor-trailer as trained by Blair Logistics, LLC.

**REQUEST NO. 8**     Blair Logistics, LLC's name was properly stated in the Complaint.

**REQUEST NO. 9**     Venue is proper in this Court.

**REQUEST NO. 10**     Jurisdiction is proper in this Court.

**REQUEST NO. 11**     Service of process upon Blair Logistics, LLC in this civil action was proper.

**REQUEST NO. 12**     Service of process upon Blair Logistics, LLC in this civil action was legally sufficient.

**PLAINTIFF'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT BLAIR LOGISTICS, LLC SERVED WITH THE COMPLAINT – Page 5**

Copy from re:SearchGA

## O.C.G.A. § 9-11-33 INTERROGATORIES

**INTERROGATORY NO. 1**    Please identify the driver of the vehicle that was involved in the subject wreck on June 11, 2020, by name, address, phone number, social security number, and date of birth.

**INTERROGATORY NO. 2**    Please identify the owner of the vehicle that was involved in the subject wreck on June 11, 2020, by name, address, phone number and, if applicable, social security number and date of birth.

## O.C.G.A. § 9-11-34 DOCUMENT REQUESTS

**REQUEST NO. 1:**   A copy of each document utilized by you in any way in responding to Plaintiff's First Interrogatories to Defendant Blair Logistics, LLC.

**REQUEST NO. 2:**   A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the Subject Incident.

**REQUEST NO. 3:**   Copies of all investigation reports, accident reports, or other writings related to the investigation of the incident in question, including witness statements and conclusions, conducted and/or prepared before the commencement of the above-entitled cause of action.

**REQUEST NO. 4:**   All documents including reports and/or memos prepared or received by Defendant that were forwarded to the Department of Transportation or other governmental agency regarding the crash in question made the basis of this lawsuit.

**REQUEST NO. 5:**   Any and all photographs, diagrams, videotapes, slides, and/or movie films of the collision scene, parties (including surveillance), and/or vehicles involved in the incident in question.

**PLAINTIFF'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT BLAIR LOGISTICS, LLC SERVED WITH THE COMPLAINT – Page 6**

Copy from re:SearchGA

**REQUEST NO. 6:**   Any policies relating to accident investigation or accident reporting that you have in place for your drivers now or at the time of the occurrence in question.

**REQUEST NO. 7:**   Any and all documents related to the identity of the driver of the tractor-trailer that was involved in the subject wreck on June 11, 2020, as shown in the attached police report.

Served with the Complaint upon Defendant.

WLG ATLANTA, LLC

*/s/ Adewale Odetunde*
ADEWALE ODETUNDE
GEORGIA STATE BAR NUMBER 374418
ATTORNEY FOR PLAINTIFF

600 PEACHTREE STREET, NE, SUITE 4010
ATLANTA, GA 30308
TELEPHONE:   470-881-8804
DIRECT:        470-480-7545
FACSIMILE:    470-881-8821
E-MAIL:        ADEWALE.ODETUNDE@WITHERITELAW.COM

**PLAINTIFF'S FIRST COMBINED SET OF WRITTEN DISCOVERY TO DEFENDANT BLAIR LOGISTICS, LLC SERVED WITH THE COMPLAINT – Page 7**

Copy from re:SearchGA

2021CV02867

**EXHIBIT A**

## AFFIDAVIT OF SERVICE

| Case:<br>2021CV02867 | Court:<br>State Court of Clayton County | County:<br>Clayton | Job:<br>6526206 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Alfred Norrington | | Defendant / Respondent:<br>John Doe; Blair Logistics, LLC; And PS Logistics, LLC | |
| Received by:<br>CGA Solutions | | For:<br>Witherite Law Group, LLC | |
| To be served upon:<br>Blair Logistics LLC c/o Corporation Service Company, Registered Agent | | | |

I, Thomas David Gibbs III, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   Alisha Smith, Corporation Service Company: 2 Sun Ct Suite 400, Peachtree Corners, GA 30092-2801
Manner of Service:   Registered Agent, Jan 6, 2022, 11:43 am EST
Documents:   Summons, Complaint, Plaintiff's First Combined Set Of Written Discovery To Defendant Blair Logistics LLC
Served With The Complaint, (Received Jan 5, 2022 at 11:29am EST)

Additional Comments:
1) Successful Attempt: Jan 6, 2022, 11:43 am EST at Corporation Service Company: 2 Sun Ct Suite 400, Peachtree Corners, GA 30092-2801
received by Alisha Smith.
CSC Coordinator

Subscribed and sworn to before me by the affiant who is
personally known to me.

Thomas David Gibbs III          Date   1/7/22

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

Notary Public

Date   1/7/22          Commission Expires   12/27/2024

AMMY MERA
NOTARY
PUBLIC
DEKALB COUNTY, GEORGIA

**EXHIBIT A**

2021CV02867

RECEIVED & FILED

JAN 27 2021

*Tiki Bown*
CLERK STATE COURT
CLAYTON COUNTY

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

### ORDER FOR APPOINTMENT FOR PROCESS SERVICE

Having read and considered the petitions and criminal records, and it appearing to the Court that sufficient grounds exist that each petitioner meets the requirements for appointment by the Court, it is hereby

**ORDERED** and **ADJUDGED** that the following:

| | | | | |
|---|---|---|---|---|
| Adonni Huguley, CK | Crump, Thomas | Grimshaw, Shane | Murphy, Jr., Gregory | Spears, Joye |
| Aguirre, Antuan | Cunningham, Sally | Harris, Parks | Murrah, Juanqualo | Stanton, Christopher |
| Allen, Lakeita | Dambach-Cirko, P. | Hassan, Muhsin | Nichols, Jean | Starks, Marc |
| Andrews, II, Gene | Davenport, Alterick | Hassan, Muhsin S. | Nichols, Lathan | Stinyard, Kelvin |
| Armstrong, C. | Davidson, Danny | Highsmith, Amos | Nolen, Milton | Stone, Alesia |
| Bailey, Anna | Davidson, Mitchell | Hightower, Anthonio | Palmer, Alita | Swindle, Frank |
| Barnes, Kristopher | Day, Duane | Hill, Hollis | Parker, Ernesqueshia | Swinger, Ina |
| Barney, Steven | Derricho, Jr., David | Horton, Christopher | Perlson, Marc | Tassaw, Berhane |
| Barron, Shane | Dolbier, Jeffrey | Horton, Malachi | Rauser, Jayne | Thompson, Vanessa |
| Basham. James | Earthrise, Rochelle | Hudson, Kyle | Richardson, Leroy | Thrash, Nancy |
| Benito, Richard | Echols, Eric | Jenkins. Stephanie | Ruddock, Margaret | Tort, Henry |
| Brazeman, Craig | Echols, Patricia | Kahssu, Haile | Sadler, Jr., John | Turner, Travis |
| Briley, Donnie | Farkas, Bela | Kidd, Elizabeth | Saxon, Jasmine | Tuttle, Garry |
| Bryant, Shemika | Fisher, Dawn | Kirkland, Shirley | Saxon, Rashad | Walker Whisby, K. |
| Bunch, Kim | Folds, Catherina | Lewis, Kevin | Saxon, Robin | Washington, Sabrina |
| Butts, Kimberly | Folds, George | Mallas, Nicholas | Saxon-Ford, Virginia | West, Eric |
| Byer, Edmond | Ford, Ronnie | McClellan, Rodney | Seklecki, Christian | Winkelman, Nan |
| Childress, Clifton | Fuller, Thomas | McGahee, Larry | Singleton, Wesley | Wright, Charlie |
| Clemmons, Joyce | Gayle, Earl | McMillon, Ericka | Smith, Jr., Bruce | Wright, Christopher |
| Cochrane, Babette | Gibbs, Thomas | Morgan, Todd | Smith, Ronald | Wright, Paquita |
| Colón, Hendryx | Giles, Herbert | Mott, Cynthia | Smith, Virginia | |
| Cook, Chris | Greenway, Kimberly | Muhammad-Haqq, A. | Snellings, Sharon | |

be appointed and authorized to serve as a Permanent Process Server in the Clayton County State Court for calendar year 2021, without the necessity of an order for appointment in each individual case.

SO ORDERED this 26 day of Jan. , 2021.

Chief Judge Linda S. Cowen

Copy from re:SearchGA

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Janice Miller

## AFFIDAVIT OF SERVICE

| Case:<br>2021CV02867 | Court:<br>State Court of Clayton County | County:<br>Clayton | Job:<br>6526206 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Alfred Norrington | | Defendant / Respondent:<br>John Doe; Blair Logistics, LLC; And PS Logistics, LLC | |
| Received by:<br>CGA Solutions | | For:<br>Witherite Law Group, LLC | |
| To be served upon:<br>PS Logistics LLC c/o Corporation Service Company, Registered Agent | | | |

I, Adam Golden, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   unnamed white female authorized to accept service, Corporation Service Company: 251 Little Falls Dr, Wilmington, DE 19808

**Manner of Service:**   Registered Agent, Jan 6, 2022, 12:58 pm EST

**Documents:**   Summons, Complaint, Plaintiff's First Combined Set Of Written Discovery To Defendant Blair Logistics LLC Served With The Complaint, Plaintiff's First Combined Set Of Written Discovery To Defendant Ps Logistics, LLC Served With The Complaint (Received Jan 5, 2022 at 11:29am EST)

**Additional Comments:**
1) Successful Attempt: Jan 6, 2022, 12:58 pm EST at Corporation Service Company: 251 Little Falls Dr, Wilmington, DE 19808 received by unnamed white female authorized to accept service. Age: 25-30; Ethnicity: Caucasian; Gender: Female; Weight: 160; Height: 5'6"; Hair: Brown;
Company policy prohibits them from giving name

Adam Golden               1-13-22
                          Date

CGA Solutions
723 Main Street
Stone Mountain, GA 30083
866-217-8581

Subscribed and sworn to before me by the affiant who is personally known to me

Notary Public

1/13/22
Date               Commission Expires

THOMAS M. MARSHALL
MY COMMISSION EXPIRES
September 28, 2022
NOTARY PUBLIC
STATE OF DELAWARE